DANE W. EXNOWSKI, #281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: 562-983-5365
Fax: 562-983-5365
BK.CA@mccalla.com

Attorneys for Secured Creditor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re

Patrick Merritt Vinatieri,

    Debtor.

Bankruptcy Case No. 17-10509

Chapter 12

**STIPULATION RE: CHAPTER 12 PLAN TREATMENT**

<u>Confirmation Hearing</u>:
Date: 3/14/2018
Time: 1:20 p.m.
Place: Santa Rosa Courtroom

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, COUNSEL FOR DEBTOR, THE TRUSTEE, AND ANY OTHER INTERESTED PARTIES:

Wells Fargo Bank, N.A. ("Secured Creditor") and Patrick Merritt Vinatieri, Debtor ("Debtor") by and through their respective attorneys of record, hereby stipulate as follows:

**IT IS HEREBY STIPULATED:**

1. Secured Creditor holds a note dated 1/08/2007 made by Patrick M. Vinatieri in the original principal amount of $1,500,000 that is secured by a first priority deed of trust on the real property commonly described as 6085 Solano Ave, Napa, CA 94558-9787 (the "Property"), document recording number 2007-0001358.

STIPULATION RE: CH 12 PLAN TREATMENT    1

2. With respect to the above mentioned note and deed of trust, Secured Creditor filed its secured proof of claim as claim number 2-1 in the amount of $2,133,234.54 as of the date of the petition (the "Claim").

3. The parties hereto agree that Secured Creditor's Claim shall be modified as follows: Secured Creditor shall have a secured claim against the Property in the amount of $2,192,220.52 [which constitutes the Proof of Claim balance and post-petition arrears to be recapitalized] (the "Secured Claim"). The Secured Claim shall be amortized over 480 months at a fixed rate of interest at 6.00% per annum via equal monthly principal and interest payments in the amount of $12,061.90 each. Debtor will commence the foregoing monthly payments to Secured Creditor on July 1, 2018 and shall continue thereafter on the first of each month in accordance with the terms herein for 480 months. The maturity date is June 1, 2058 and maturity, including the effect thereof, remains governed by the subject note and security instrument and is otherwise unmodified. The foregoing payments must be received within any grace period as provided by the note and any effect of late payment is governed by the subject note and security instrument.

4. <u>Property Taxes and Insurance.</u> The Claim shall remain escrowed for payment of property taxes and insurance and the note and/or deed of trust provisions governing the same shall remain in full force and effect. The amount of escrow is subject to change and shall be in addition to the payments described in section 3, above.

5. <u>Default:</u> Secured Creditor may provide Debtor notice of any default related to the Stipulation or otherwise under the subject note or security instrument in accordance with the Note and Deed of Trust, and applicable state law, and/or proceed with all its remedies under the terms of the Note and Deed of Trust, and applicable state and federal law, including but not limited to foreclosure of the subject property, without further notice, order, or proceeding of this Court; the stay of 11 U.S.C. § 362(a) shall be terminated in its entirety as to Secured Creditor and the Property upon confirmation of Debtor's plan.

6. Except as otherwise expressly provided herein, all remaining terms of the subject note and deed of trust shall govern the treatment of Secured Creditor's Secured Claim and shall remain unchanged and unmodified.

7. At the request of Secured Creditor, the Debtor shall execute such documents and instruments as

Case: 17-10509    Doc# 31    Filed: 05/08/18    Entered: 05/08/18 09:17:12    Page 2 of 3

are necessary with respect to this stipulation.

8. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 12 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 12 Plan and confirmation order thereon without Secured Creditor's express written consent. The terms of this stipulation shall be incorporated into the Debtor's Chapter 12 Plan and/or any subsequently filed Amended Chapter 12 Plan. In the event of a conflict between a provision of this Stipulation and any provision of Debtor's Chapter 12 Plan or any amendments of modifications thereto, the terms of this Stipulation shall control. To the extent necessary, the terms of this stipulation shall be automatically incorporated into any plan or amended plan.

9. This stipulation is contingent upon Debtor obtaining confirmation of a chapter 12 plan. Should the Debtor fail to obtain confirmation of a chapter 12 plan and the case be dismissed or closed without confirmation, then the terms of this stipulation shall automatically be rescinded and void ab initio.

10. In the event the case is dismissed or converted, the terms of the stipulation shall be deemed rescinded and void ab initio.

11. Should there be a sale, transfer, or refinance of the property, the loan shall be paid in full per the contractual terms at origination unless court approval is obtained.

**SO STIPULATED:**

Dated: 5/4/18

_(signature)_

Craig A. Burnett
Attorney for Debtor

Dated: 5/4/18

_(signature)_

Dane W. Exnowski
Attorney for Secured Creditor

STIPULATION RE: CH 12 PLAN TREATMENT  3