CRAIG A. BURNETT, ESQ., ID# 118907
LAW OFFICES OF C. BURNETT
537 FOURTH STREET, SUITE A
SANTA ROSA, CALIFORNIA 95401
Telephone: (707) 523-3328
Fax (707) 523-3082
Email: cburnett@nomoredebt.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>PATRICK MERRITT VINATIERI,<br>dba VINATIERI VINEYARDS,<br><br><br>SSN: xxx-xx-5201,<br>　　　　　　　　Debtor.<br>_____ | Case No. 17-10509 DM12<br>Chapter 12<br><br>DEBTOR'S FOURTH AMENDED CHAPTER 12 PLAN |

Debtor PATRICK MERRITT VINATIERI, dba VINATIERI VINEYARDS ("Debtor") proposes the following fourth amended Chapter 12 plan pursuant to 11 U.S.C. Section 1222:

I. DEFINITIONS

1.01. "Plan" shall mean this Plan and any modification of the Plan which become effective pursuant to Bankruptcy Code Section 1225.

1.02. "Allowed Claim" shall mean a Claim against the Debtor (a) which a proof of claim has been filed with the Court and as to which no objection is thereafter filed; (b) which has otherwise been allowed by Final Order; or (d) which the Plan otherwise explicitly allows.

1.03. "Administrative Claim" or "Expense of Administration" means a Claim for payment of an administrative expense of a kind specified in Section 503(b) of the Bankruptcy Code and referred to in section 507(a)(1) of the Code including, without limitation, compensation for legal and other services and reimbursement of expenses awarded under sections 330(a) or 331 of the Code, and all fees and charges assessed against the Estate under Chapter 123 of Title 23, United States Code.

1.04. "Estate" means all of the Debtor's now or existing legal or equitable interests in any tangible or intangible property, whether real or personal.

1.05. "Lien" means any charge against or interest in property of the Estate to secure payment of a debt or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

1.06. "Court" means United States Bankruptcy Court, Santa Rosa Division.

1.07. "Effective Date of the Plan" means the date the Order Confirming Chapter 12 Plan is entered by the Court.

1.08. "Real Property" means the real property located at 6085 Solano Avenue, Napa, California (APN 034-160-018).

1.09. Any term used in this Plan that is not defined here but that is used in the Bankruptcy Code shall have the meaning assigned to that term in the Bankruptcy Code.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS

The Claims against and Interests in the Debtor are classified as set forth below. Administrative Expenses and Fees allowed under the Bankruptcy Code section 507(a)(1) and unsecured priority claims of Governmental Units under Bankruptcy Code section 507(a)(8) are to be paid as more specifically set forth below and are not separately classified herein.

### A. IDENTITY AND PROPOSED TREATMENT OF § 507(a)(8) CLAIMANTS

2.00. **Unclassified Priority Tax Claims**. There are three possible claimants in this unclassified class: The Internal Revenue Service ("IRS"); and the State of California, Franchise Tax Board ("FTB"); and the State of California, Employment Development Department ("EDD"). The IRS filed an amended priority claim, No. 1, on April 10, 2018, for $0.00, and a general unsecured claim for $6,639.65. Neither the FTB nor the EDD have filed claims in this case and the debtor believes that he has no liability to either taxing authority. All Unclassified Priority Tax Claims are to be paid as follows:

a. Of the payments made by the Debtor to the Trustee, and after completion of the payments to Debtors' counsel pursuant to paragraph 4.02 of the confirmed plan, the Trustee shall pay unclassified priority tax claims the full amount of their allowed claims, with zero percent (0%) interest in 12 equal monthly installments until said claims are paid in full. If the priority tax claims remain unpaid on the sixth anniversary from their dates of assessment, in addition, the Trustee will pay the balance then due on that date. Priority tax claims, if any, shall accrue no interest, and shall be paid in full within approximately forty

six (46) months from the Effective Date, or not later than six years of the dates of assessment, whichever occurs first.

B.  IDENTITY OF CLASSIFIED CLAIMANTS

2.01.  Class 1: The Allowed Secured Claim of WELLS FARGO BANK (formerly WACHOVIA MORTGAGE) secured by a First Deed of Trust on Debtor's real property in the amount of $2,133,234.54, including pre-petition arrears in the approximate amount of $780,564.91.

2.02.  Class 2: The Allowed Secured Claim of HOLM FAMILY TRUST secured by a Second Deed of Trust on Debtor's real property.  HOLM FAMILY TRUST has filed a secured claim in the amount of $476,590.88.  A final determination of the amount this claim remains to be ascertained.  However, upon confirmation of the Plan, the claim of Class 2 shall be fixed at $175,000.

2.03.  Class 3: The Allowed Secured Claim of RACHEL VINATIERI secured by a Third Deed of Trust on Debtor's real property in the approximate amount of $330,000.

2.04.  Class 4: General unsecured claims, including the general unsecured claim of Rachel Vinatieri, in the approximate total estimated amount of $300,000.

III. IMPAIRMENT OF CLAIMS

All claims are impaired.

IV. PLAN PAYMENTS AND MEANS FOR EXECUTION OF THE PLAN

4.01.  <u>Payments and Vesting</u>. The Debtor has listed his real property for sale, with a current asking price of $4,993,333.  Once an offer is accepted and the sale is consummated, all claims of all creditors shall be paid in full from the sales proceeds.   In the event of a sale of the residence before the term of the Plan ends, the entire (total) base amount of the Plan shall be due and will be paid from escrow per the Trustee's demand.

In the meantime, commencing November 20, 2018, and on the 20th day of each month thereafter, the Debtor shall make monthly payments to the trustee on the following schedule:

$18,076 per month for the period November 20, 2018 - September 20, 2023; and

On September 20, 2023, a final payment in the amount necessary to satisfy all remaining allowed claims to be paid in this plan in full (est. $300,000, unless remaining claimants agree to less favorable treatment, per paragraph 5.04 on page 7, below.).

The total payments to be made under this plan is estimated to be in the approximate amount of $1,066,484.

The Debtor shall be revested with the assets of the estate on the Effective Date of the Plan subject to the terms of the Plan.

4.02. Unclassified claims (expenses of administration).

**Trustee Fees**. Administrative expenses of the Chapter 12 Trustee allowed pursuant to Section 503(b) of the Code shall be paid from the Plan payments as indicated in paragraph 4.01. The Trustee shall receive a percentage of each payment received as established by the United States Trustee.

**Debtor's Counsel's Fees**. Debtor's Chapter 12 Attorney fees shall be paid from the Plan payments as indicated in paragraph 4.01. Fees and costs requested for allowance are as follows: Total Fees & Costs Requested, $12,000.00; fees and costs received, $6,000; balance of fees and costs due, $6,000; monthly payment of $1,500 per month until paid. Fees and costs allowed shall be paid in the first four months following the Effective Date of the Plan. Upon a pre-confirmation dismissal, all accrued pre-confirmation attorney fees and costs payments held by the Trustee shall be disbursed to the attorney.

V. SPECIFIC TREATMENT OF IMPAIRED CLAIMS

5.01. CLASS ONE: WELLS FARGO BANK. WELLS FARGO BANK ("WFB") holds a note dated 1/08/2007 made by Patrick M. Vinatieri in the original principal amount of $1,500,000 that is secured by a first priority deed of trust on the real property commonly described as 6085 Solano Ave, Napa, CA 94558-9787 (the "Property"), document recording number 2007-0001358. With respect to the above mentioned note and deed of trust, WFB filed its secured proof of claim as claim number 2-1 in the amount of $2,133,234.54 as of the date of the petition (the "Claim"). WFB has filed a claim for pre-petition arrearages in amount of $780,564.91. Further, WFB holds a post-petition arrearages claim in the amount of no less than $58,985.98. WFB is impaired.

The parties hereto agree that WFB's Claim shall be modified as follows: WFB shall have a secured claim against the Property in the amount of $2,192,220.52 [which constitutes the Proof of Claim balance and post-petition arrears to be recapitalized] (the "Secured Claim"). The Secured Claim shall be amortized over 480 months at a fixed rate of interest at 6.00% per annum via equal monthly principal and interest payments in the amount of $12,061.90 each. From the payments made by Debtor into the Plan during the

pendency of the Plan, the trustee will commence the foregoing monthly payments to Secured Creditor on January 1, 2019 and shall continue thereafter on the first of each month in accordance with the terms herein for 60 months. After completion of the Plan, the Debtor shall make payments directly to WFB for the remaining 420 months. The maturity date is December 1, 2058 and maturity, including the effect thereof, remains governed by the subject note and security instrument and is otherwise unmodified. The foregoing payments must be received within any grace period as provided by the note and any effect of late payment is governed by the subject note and security instrument.

WFB shall provide notice of the initial payment amount and any subsequent payment changes to the chapter 12 trustee by filing a payment change notice with the Court. This provision shall not be construed as imposing any obligation or requirement under Bankruptcy Rule 3002.1. This provision shall no longer apply once the Debtor commences making the monthly payments to WFB directly, which is after the 60th payment, whereupon WFB may provide any required notice outside of the bankruptcy case in accordance with non-bankruptcy law.

Property Taxes and Insurance. The Claim shall remain escrowed for payment of property taxes and insurance and the note and/or deed of trust provisions governing the same shall remain in full force and effect. The amount of escrow is subject to change and shall be in addition to the payments described in the preceding paragraph. Per the last statement from WFB, as part of its claim [*Case 17-10509 Claim 2 Part 5 Filed 08/24/17 Desc Escrow*], the monthly escrow amount was $2,706.42. Therefore, unless and until WFB files a Notice of Mortgage Payment Change in accordance with Rule 3002.1, this is the amount that will be paid by the trustee, subject to change.

Default: WFB may provide Debtor notice of any default related to the Stipulation or otherwise under the subject note or security instrument in accordance with the Note and Deed of Trust, and applicable state law, and/or proceed with all its remedies under the terms of the Note and Deed of Trust, and applicable state and federal law, including but not limited to foreclosure of the subject property, without further notice, order, or proceeding of this Court; the stay of 11 U.S.C. § 362(a) shall be terminated in its entirety as to WFB and the Property upon confirmation of Debtor's plan.

Except as otherwise expressly provided herein, all remaining terms of the subject note and deed of trust shall govern the treatment of WFB's Secured Claim and shall remain unchanged and unmodified.

At the request of WFB, the Debtor shall execute such documents and instruments as are necessary with respect to this stipulation.

The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 12 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 12 Plan and confirmation order thereon without Secured Creditor's express written consent. The terms of this stipulation shall be incorporated into the Debtor's Chapter 12 Plan and/or any subsequently filed Amended Chapter 12 Plan. In the event of a conflict between a provision of this Stipulation and any provision of Debtor's Chapter 12 Plan or any amendments of modifications thereto, the terms of this Stipulation shall control. To the extent necessary, the terms of this stipulation shall be automatically incorporated into any plan or amended plan.

This stipulation is contingent upon Debtor obtaining confirmation of a Chapter 12 plan. Should the Debtor fail to obtain confirmation of a Chapter 12 plan and the case be dismissed or closed without confirmation, then the terms of this stipulation shall automatically be rescinded and void ab initio.

In the event the case is dismissed or converted, the terms of the stipulation shall be deemed rescinded and void ab initio.

Should there be a sale, transfer, or refinance of the property, the loan shall be paid in full per the contractual terms at origination unless court approval is obtained.

5.02. CLASS TWO: HOLM FAMILY TRUST. HOLM FAMILY TRUST ("HOLM") is impaired. HOLM shall retain its existing lien on Debtor's Real Property. Holm shall have an allowed claim in the amount of $476,590.88 plus interest, late charges and attorney's fees that have accrued since the filing of the chapter 12 petition ("the Allowed Claim"). Debtor may pay the Allowed Claim in full by paying to Holm $100,000 on or before December 1, 2018 and $75,000 on or before August 1, 2019. The source of the first installment is from insurance proceeds received by Debtor after last October's fires. The source of the second installment will come from wine sales. If either payment is missed Debtor shall be in default. Any payments made to Holm shall be retained by Holm and credited against the Allowed Claim. If both payments are made, Holm shall promptly acknowledge satisfaction of its claim by recording the necessary documents to release and reconvey its lien on the property.

In the event of Default, Holm shall give written notice via email to Debtor's counsel only that the Debtor is in default. Debtor shall have ten (10) days from the said notice to cure the default. If the default

is not timely cured, Janina Hoskins shall be appointed Liquidating Agent. The general role of the Liquidating Agent shall be to assume exclusive control of the marketing and sale of the Reorganizing Debtor's Property, to make required Distributions under the Plan, and to liquidate the assets of the Estate and/or seek conversion of the Case to Chapter 7 if those Distributions are not made. The Liquidating Agent shall be entitled to be compensated for services rendered at the Liquidating Agent's normal hourly rate; provided however, that the total compensation payable to the Liquidating Agent may not exceed the maximum commission set forth in Bankruptcy Code Section 326(a). On completion of all Distributions required under the Plan, the Liquidating Agent shall be terminated, and all remaining Property of the Estate shall be deemed re-vested in the Reorganized Debtor.

5.03. <u>CLASS THREE: RACHEL VINATIERI.</u> RACHEL VINATIERI ("RACHEL") is impaired. RACHEL shall retain her existing lien on Debtor's Real Property. Upon the Effective Date of the Plan, all pre-confirmation defaults on the existing secured note shall be cured by adding the pre-confirmation accrued interest, late charges and unpaid fees to the principal balance of the note. During the time period of the Plan, interest shall remain payable at the non-default rate provided for in the existing secured note. The maturity date of the secured note shall be modified and extended, such that all accrued interest and principal on RACHEL's secured note shall be due in full exactly 180 months from the Effective Date of the Plan, or upon the sale of Debtor's Real Property, whichever occurs first. The Trustee shall make payments to RACHEL during the pendency of this Plan in the amount of $1,500 per month, beginning on the fifth month from the Effective Date, following completion of payments by the trustee of Debtor's counsel's fees.

To the extent that the RACHEL is not paid in full at the termination of the Plan, the Debtor shall enter into a Change in Terms agreement with RACHEL which reflects the new maturity date, payment amount and payment deadlines for the balance of the Class 3 claim identified herein.

5.04. <u>CLASS FOUR: GENERAL UNSECURED CREDITORS.</u> The Class 4 claims owing to general unsecured creditors are impaired. The Class 4 unsecured claims shall be paid 100 cents on the dollar without interest on or before the sixtieth month following the Effective Date of the Plan, unless any claimant in this class agrees to less favorable treatment.

<u>VI. EXPENSES OF ADMINISTRATION</u>

6.01. Trustee fees. Administrative expenses of the Chapter 12 Trustee allowed pursuant to Section

503(b) of the Code shall be paid from the Plan payments as indicated in paragraph 4.02, above. The Trustee shall receive a percentage of each payment received as established by the United States Trustee.

6.02. Debtor's Counsel Fees. Debtor's counsel, Craig A. Burnett, shall have an Allowed Administrative Claim for total fees and costs of $12,000 of which sum $6,000 has been previously paid. These fees shall be paid as indicated in paragraph 4.02, above.

## VII. TREATMENT OF EXECUTORY CONTRACTS

Debtor assumes all existing grape purchase contracts with all parties, if any. Debtor does not reject any lease or executory contract.

## VIII. ALTERATION OF RIGHTS OF THIRD PARTIES

Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders or claims or interests under section 510(a) or 524(a) of the Bankruptcy Code, and holders of secured claims shall retain their liens on Debtor's assets to the extent of the allowed amount of such secured claim.

## IX. NOTICES

All notices required or permitted to be made in accordance with the Plan or by the Code shall be in writing and shall be delivered personally or by First Class Mail to:

| | | |
|---|---|---|
| A. Debtor: | PATRICK VINATIERI | |
| | 6085 Solano Avenue | |
| | Napa, CA 94558 | |
| Attorney for Debtor: | CRAIG A. BURNETT | |
| | 537 Fourth Street, Suite A | |
| | Santa Rosa, CA 95401 | |
| B. Trustee: | DAVID BURCHARD, TRUSTEE | |
| | P.O. Box 8059 | |
| | Foster City, CA 94404 | |

Debtor PATRICK MERRITT VINATIERI, dba VINATIERI VINEYARDS hereby requests confirmation of this fourth amended Chapter 12 Plan.

Date: 10/24/18     /s/ Craig A. Burnett
          Craig A. Burnett,
          Attorney for Debtor